# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:16-CR-00048-KDB-DSC

| | |
|---|---|
| USA, <br><br> Plaintiff, <br><br> v. <br><br> HANNA LEE RAYMER, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Hanna Lee Raymer's pro se motions titled "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," (Doc. No. 139), and "Motion for Reconsideration 18 U.S.C. 3742(e) Post Sentencing Rehabilitation Programming," (Doc. No. 149). For the reasons below, the Court will **DENY** both motions.

## I. Motion for Modification of Sentence (Doc. No. 139)

Defendant requests a modification or reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.). Defendant pled guilty to one count of possession with intent to distribute methamphetamine and aiding and abetting the same in October 2016. (Doc. No. 42). Amendment 782 became effective on November 1, 2014. Because Defendant was sentenced in 2016, her sentence was imposed in accordance with Amendment 782. Therefore, her motion for modification of her sentence under Amendment 782 (Doc. No. 139) is denied.

## II. Motion for Reconsideration (Doc. No. 149)

Defendant also requests a reduction in her sentence under 18 U.S.C. § 3742(e) and *Pepper v. United States*, 562 U.S. 476 (2011). She asks the Court to consider the post-sentencing

rehabilitation programs she has completed since incarceration and to reduce her sentence accordingly.

Title 18 U.S.C. § 3742(e) and *Pepper* do not provide Defendant with the relief she requests. Title 18 U.S.C. § 3742(e) governs a court of appeals' review of an imposed sentence, not a district court's review of an imposed sentence. Similarly, *Pepper* does not apply in Defendant's situation. The Supreme Court held in *Pepper* that when a defendant's sentence has been set aside on appeal, a district court at re-sentencing may consider evidence of the defendant's rehabilitation after the initial sentence and that evidence may, in appropriate cases, support a downward variance from the sentencing guidelines. 562 U.S. at 480. Defendant does not suggest any error in her sentencing, never appealed her sentence, and is not being re-sentenced. Accordingly, Defendant's request that the Court reduce her sentence based on her completion of rehabilitation programs while incarcerated is denied.

To the extent Defendant's motion requests placement in a residential reentry center under the Second Chance Act, her request is denied. It is the responsibility of the Attorney General, through the Bureau of Prisons, to designate the place of incarceration, *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (authority to designate place of confinement vested in BOP), which is reflected in the language of the statute that "[t]he Attorney General, in coordination with the Director of the Bureau of Prisons, shall, . . . , conduct the following activities to establish a Federal prisoner reentry initiative." 34 U.S.C. § 60541(a). Accordingly, the Court does not have authority to order Defendant's release to a residential reentry center.

### III. ORDER

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Doc. No. 139), is **DENIED;** and

2. Defendant's Motion for Reconsideration 18 U.S.C. § 3742(e) Post Sentencing Rehabilitation Programming, (Doc. No. 149), is **DENIED.**

Signed: January 9, 2020

Kenneth D. Bell
United States District Judge